Samuel Sheldon, Respondent, *v.* Augustus Sherman and Zenas Van Dusen, Appellants.

One whose property is borne upon the lands of another by inevitable accident (a flood), without his fault or negligence, may elect, either to abandon the property, in which case he is not liable to the owner of such lands for any injury occasioned by it; or to reclaim it, in which latter case he must make good to such owner the damages so occasioned.

The defendants' logs were carried away by a flood, and deposited upon the plaintiff's land, where they remained over six months. One P., agreed with the defendants, that he would settle with the plaintiff for the injury, remove the logs, saw them into lumber, and deliver the lumber to the defendants, for which they agreed to pay him a certain sum per piece. P. did this, but represented to the plaintiff, that he was the agent of the defendants in settling for the injury. The defendants received the lumber from P. pursuant to their arrangement with him.—*Held*, that the plaintiff could recover of the defendants his damages occasioned by the logs upon his land. The defendants, by their contract with P. and receipt of the lumber, had elected to reclaim the logs, and the law implies a promise in favor of the plaintiff.

*Held*, further, that the plaintiff's ommission to file with the town clerk a written description of the property, pursuant to the statute (1 R. S., 698, § 4), did not impair his right of recovery.

(Submitted April 1st, 1870; decided June 23d, 1870.)

Appeal from a judgment of the General Term in the fourth judicial district, affirming a judgment in favor of the plaintiff on trial before Mr. Justice Bockes, without a jury.

The plaintiff claims to recover on an alleged contract made between himself and the defendants, and also on several contracts between other persons and the defendants, of which he is the assignee.

He charges that the defendants' logs drifted down the Hudson river upon his lands, and remained there a long time, causing to him great loss and damage. That the defendants thereupon, through Mayo Pond, their agent, claimed the logs, and agreed with him on the amount of the loss and damages; promised to pay him such amount, and took the logs away. The action is brought to recover the amount so settled on and agreed to be paid.

Statement of case.

The proof shows, that the logs floated down the river and lodged on the plaintiff's lands, without fault on the part of the defendants; that they lay where they lodged, from March until the autumn and winter of 1859, when they were removed by Mayo Pond, who had agreed with the defendants to take the logs as they lay, to pay the land damages, saw them into lumber at his mill, and deliver the lumber to the defendants on the canal bank, at so much per piece delivered. Pond agreed with the plaintiff on the amount of the land damages, representing himself as the authorized agent of the defendants. The plaintiff was not aware of the terms of the contract between Pond and the defendants, until after the logs were removed, nor were the defendants aware that Pond had represented himself as their agent, until after they had accepted the lumber from him on the canal bank. The plaintiff recovered, and the General Term affirmed the judgment. The case below is reported, 42 Barb., 368.

*Stephen Brown*, for the appellant, insisted, among other things, that the case showed no promise, express or implied, citing 1 Pars. on Cont., 3d ed., 38–48; Dunlap's Paley Agen., 3d Am. ed., 161; *Nixon* v. *Palmer* (4 Seld., 401); *Atwood* v. *Munnings* (7 B. & C., 278); *Whitney* v. *Sullivan* (7 Mass., 107); 5 Greenl., 319; *Bartholomew* v. *Jackson* (20 Johns., 28); *Utica Ins. Co.* v. *Bloodgood* (4 Wend., 652); *Dunbar* v. *Williams* (10 Johns., 249); *Livingston* v. *Ackeston* (5 Cow., 531); *Brinsteed* v. *Buck* (2 Wm. Bl., 1117); *Nicholson* v. *Chapman* (2 H. Bl., 254); *Amory* v. *Flyn* (10 Johns., 102); *Moffatt* v. *Wood* (Supp. to Clinton's Dig., 24). That there was no consideration to support any promise, citing *Newton* v. *Sykes* (8 Metc., 34); *Wood* v. *Manly* (11 Adol. & Ell., 34). Whether the logs were removed within a reasonable time, is a question of fact, and it is not found that they were not, citing *Facey* v. *Hurdorn* (3 B. & C., 213); *Pitt* v. *Shew* (4 B. & Ald., 366–368); *Parker* v. *Palmer* (id., 387); *Smith* v. *Lord Jersey* (2 B. & B., 692); *Mount* v. *Larkins* (8 Bing., 108); *Ellis* v. *Thompson* (3 M. & Welsb., 445); *Burton* v. *Griffith*

(11 id., 817); *Graham* v. *Van Die. Land Co.* (30 Eng. L. & Eq., 574); *Hill* v. *Hobart* (16 Me., 168). The morality of the promise is not of itself a consideration. (*Smith* v. *Ware*, 13 Johns., 258; *Jennings* v. *Brown*, 9 M. & W., 501; *Eastwood* v. *Kenyon*, 11 Ad. & Ell., 438; *Ehle* v. *Judson*, 24 Wend., 97.) That, if not removed within a reasonable time, the remedy is trespass, and not assumpsit, he cited 3 Bl. Com., 209; *Heermance* v. *Vernoy* (6 Johns., 5); *Blake* v. *Jerome* (44 id., 406); *Stearns* v. *Dillingham* (22 Vt. [7 Wash.], 624); *Van Leuven* v. *Lyke* (1 Comst., 515); *Andrews* v. *Bond* (16 Barb., 642).

*Edward F. Bullard,* for the respondent, insisted that the law implied a promise, citing *Norton* v. *Coon* (3 Den., 134); *Poor* v. *Guilford* (6 Seld., 273). That the plaintiff had a right to distrain, Cow. Tr., 4th ed., § 699; 2 Bac. Abr., 707; Woodfall's L. & T., 627. That defendants were bound by the acts of Pond, he cited Dunlap's Pal. Ag., 162; Smith's Mer. L., 116; 40 Barb., 114; 15 East, 38; 4 Cow., 645; 23 Wend., 18; *Johnson* v. *Jones* (4 Barb., 369); 15 N. Y., 47; 2 id., 163; and made other points not discussed in the opinion.

HUNT, J. There is a large class of cases, in which injury is suffered by a party, where the law gives no redress. If a tree growing upon the land of one is blown down upon the premises of another, and in its fall injures his shrubbery, or his house, or his person, he has no redress against him upon whose land the tree grew. If one builds a dam of such strength that it will give protection against all ordinary floods, the occurrence of an extraordinary flood by which it is carried away, and its remains are lodged upon the premises of the owner below, or by means whereof the dam below is carried away, or the mill building is destroyed, gives no claim against the builder of the dam. If the house of A accidentally take fire, and the flames spread and consume the house of B, the latter has no claim of indemnity upon A. If the

horses of A, being properly equipped and driven, become unmanageable, without fault or negligence, run away and injure the property or the person of his neighbor, the latter must suffer the loss. In these cases the injury arises from a fortuitous occurrence beyond the control of man. It is termed "the act of God." The party through whom it occurs is not responsible for it. The party suffering must submit to it, as a providential dispensation. (*Ryan* v. *N. Y. Cen. R. R. Co.*, 35 N. Y., 210; *Anthony* v. *Harvey*, 8 Bing., 191; Story on Bail., § 83*a*, and the learned note. *Auth. post.*)

In all these cases, there is no liability on the part of him through whose innocent instrumentality the injury occurs, and his promise to respond to the damages would be without consideration and void.

In the instance before us, the logs were carried down the river and deposited upon the plaintiff's land, without fault on the part of the defendants or of those building or having charge of the boom. The defendants were not responsible for an injury arising from their being thus deposited, and a promise to make it good would be without consideration, and not obligatory. Neither were the defendants unconditionally liable for the injury arising from allowing the logs to remain where deposited. If they chose to abandon their property thus cast on shore, they had the right so to do, and no one could call them to account. They were not compelled, however, to abandon it, but had the right to reclaim it; like one whose fruit falls or is blown upon his neighbor's ground, the ownership is not thereby lost, but the owner may lawfully enter upon the premises to recapture his property. When he does so reclaim or recapture, his liability to make good the damage done by his property arises. He then becomes responsible. Before he can reclaim or recapture the property thus astray, justice and equity demand that he should make good the injury caused by its deposit and its continuance.

The rule is sensibly expressed by Domat, in the articles following, viz.: "1st. He who has found a thing that is lost is bound to preserve it, and to take care of it in order to restore

it to its owner.  *  *  *  And when he does restore it, he cannot detain any part of it nor demand anything for having found it.  But he will recover only what expense he has been at, as shall be explained in the following article.  2d. The person to whom one restores the thing which he had lost, is obliged on his part to repay the money that has been laid out either in keeping the thing or in delivering it to him, as if it was some strayed beast which it was necessary to feed, or that the carriage of the thing from one place to another had obliged the person in whose custody it was to be at some charges; or if any money has been laid out in advertisements or in having the thing cried, in order to give notice to the owner.  *  *  3d. The proprietor of a ground on which is thrown the rubbish of a building that has fallen down, or that which a flood has carried away from another's ground, is obliged to suffer him who has had the loss to take away what remains, and to allow him such free access to his grounds as is necessary for that end.  But upon the conditions that are explained in the following article.  4th. In the cases of the foregoing article, he who desires to have back the materials of his building that is fallen down, or that which a flood hath carried away from his land and thrown upon another man's ground, is obliged, on his part, not only to indemnify the proprietor of said ground, as to what damage shall happen to be done by taking away the things which have been thrown upon it, but he is moreover bound to repair all the damage which has been already done to the ground by the things since they were cast upon it.  But if he chooses rather not to take away anything, he will owe nothing; for, if he abandons to the proprietor of that ground all that has been cast upon it, he is not bound to make good a damage that has happened by the bare effect of that accident, and it is enough that he loses what the accident has carried away from him.  5th. If he, whose materials or other things have been thrown by these accidents on the estate of another person, be desirous to take them away, he will be obliged, besides the making reparation for the damage sustained by the owner

of the ground, to take away as well the unprofitable stuff that can be of no manner of use as that which is useful and which he is desirous to take away, and to clear entirely the surface of the ground on which the things have been thrown." (Domat, vol. 1, pp. 334, 335, part 1, b. 2, tit. 9, § 2, arts. 1, 2, 3, 4, 5. Lond. ed. of 1722.)

The logs in question were reclaimed by the authority of the defendants and removed from the premises of the plaintiff. No question is made as to Pond's authority to remove the property, whatever may be said of his authority to promise payment. When the defendants thus removed their property, they became at once responsible for the payment of the damages. If they made no express promise to pay them, the law raises the promise and will sustain an action based upon it. "Where there is a legal right to demand a sum of money and there is no other remedy, the law will imply a promise of payment." (*Poor* v. *Guilford*, 6 Seld., 276; *Newton* v. *Coon*, 3 Denio, 134; 5 Greenleaf R., 519.)

The doctrines of Domat are sustained by *Amory* v. *Flyn* (10 John. R., 102) and *Rider* v. *Anderson* (4 Dana, 193). See also Story on Bail., 121, and note 621a. *Nicholson* v. *Chapman* (2 H. Black. R., 254) is not analogous, and furnishes no authority to the contrary. Nor is the case of *Binstead* v. *Bach* (2 W. Bl., 1117) or of 2 Strange, 278; 1 M. & S., 290; 20 J. R., 28; 10 id., 249; 4 Wend., 652, to the point. This is not the case of a gratuitous or voluntary service, for which no compensation can be demanded. The use of the plaintiff's land was compulsory. He never consented to the use. He had not the power to resist. Whether the logs remained upon the premises an unreasonable length of time, was a question of fact to be decided by the jury, or by the judge acting in their place, if the question became important. (3 B. & C., 213; 4 B. & Ald., 366, 387; 2 B. & B., 692.) The finding in favor of the plaintiff determines this question in his favor, upon the well settled principle that every fact not expressly found, shall be deemed to have been found and

held in such manner as to uphold the judgment. (36 N. Y. 340; 32 id., 464; 28 id., 532; 22 id., 425, 323; 21 id., 551.)

The recovery was upon general principles of law, without reference to the statute. It is not necessary to invoke it in his behalf, nor are his rights disturbed by its provisions. The judgment should be affirmed with costs.

Judgment affirmed.