SARAH J. COTTON

*vs.*

THE MISSISSIPPI AND RUM RIVER BOOM COMPANY.

The evidence in the case held sufficient to support the findings of fact.

The findings of fact held sufficient to support the award of damages as for trespass, and also to support the allowance of an injunction to prevent irreparable mischief, and multiplicity of actions.

This action was brought in the district court for Hennepin county to recover damages for alleged injuries to plaintiff's land, occasioned by the maintenance of defendant's boom, and for an injunction restraining the commission of further injurious acts. The answer denied the damages, justified the erection and maintenance of the boom as lawful and rightful; as a duty devolving upon defendant under the law, and necessary for the safe navigation of the Mississippi river with logs and lumber.

The action was tried before the court, without a jury, whose

findings of fact appear substantially in the opinion ; as a con-
clusion of law, it found the plaintiff was entitled to damages,
and the injunction sought.   The defendant moved for a new
trial, and appeals from an order denying such motion.   No
exceptions were taken to the rulings of the court on the
trial, and the only questions presented on the appeal are,
whether the evidence sustains the findings of fact, and
whether these findings justify the conclusion of law arrived
at by the court below.  As the court does not comment
particularly upon the evidence, and it is voluminous, it is
not deemed to be of sufficient importance to justify its
insertion in the statement of the case.

LOCHREN & McNAIR, for Appellant, cited the following
authorities :  *Castner vs. Franklin,* 1 *Minn.* 73 ; *Railroad Co.
vs. Schurmeier,* 7 *Wall.* 272 ; *Genesee Chief vs. Fitzhugh,* 12
*How.* 443 ; *Houck on Rivers,* § 114, *et seq.*; *Pollards Lessees vs.
Hagan,* 3 *How.* 212 ; *Martin vs. Waddell,* 16 *Pet.* 367 ; *People vs.
Canal Appraisers,* 33 *N. Y.* 461 ; *Houck on Rivers,* §§ 121, 122,
125, 126, 127, 144, 145, 146, 154, 157, 182, 183, 184, 205 ;
*Woolrych on Waters,* 432 *Marg.* (*Appendix*); *McManus vs. Car-
michael,* 3 *Iowa,* 1 ; *Bowman's Devisees vs. Nathan,* 2 *McLean,*
376 ; *Gunter vs. Geary,* 1 *Cal.* 468 ; *Moor vs. Veazie,* 32 *Me.*
343 ; *Spring vs. Russell,* 7 *Greenl.* 273 ; *Woodman vs. Kilbourn,
Mfg. Co.* 6 *Am. Law Reg. N. S.* 238 ; *Canal Appraisers vs.
People,* 17 *Wend.* 571 ; *Cobb vs. Smith,* 16 *Wis.* 661 ; *First Bap-
tist Ch. vs. Railroad Co.* 6 *Barb.* 313 ; *Treat vs. Lord,* 42 *Me.*
552 ; *Laws* 1857, *Ex. Ses.* 233 ; *Special Laws* 1862, 356 ; *Special
Laws* 1867, 355 ; *Special Laws* 1858, 417 ; *Special Laws* 1868,
417.

ISAAC ATWATER, for Respondent.

*By the Court.*—BERRY, J.—Upon perusing the testimony

Cotton v. The Mississippi and Rum River Boom Company.

brought up in the case, we are of opinion, (without entering into details,) that there was evidence to uphold the substantial conclusions of fact reached by the court below. The findings are somewhat confused and disorderly, but we think that it is, in effect, found, that during the time mentioned in the complaint, *in consequence of the action of the boom upon the water of the river*, logs were carried over the banks upon plaintiff's land, and that defendant, in order to remove said logs, entered upon said land with teams, whereby the soil was cut up, and trees were destroyed and cut, in accomplishing such removal, and that for these things plaintiff is entitled to damages in the sum of ninety dollars. That upon the state of facts thus found defendant is liable to plaintiff, there would seem to be no room for discussion. *Sheldon vs. Sherman*, 42 *N. Y.* 487. It is further found that defendant, without plaintiff's consent, has constructed, and for several years has maintained the boom complained of, and has confined and held therein by means of piers and the river bank (the bank being on plaintiff's land) large quantities of logs, which naturally float and pile together in said boom in large masses against and upon said shore and land of said plaintiff, and that during the time aforesaid " the said shore and bank of the river was so occupied and encumbered by the logs in said boom as aforesaid, the natural effect of which was to prevent the free and uninterrupted use thereof by the said plaintiff, and free access to the water of said river, and that by the action of said boom upon the water of said river, to a greater or less degree, according to the circumstances of the case, the logs are naturally forced and driven over the said banks, and upon the land of said plaintiff, causing damage to the same and the herbage and trees thereof, and that the effect of said logs lying against said bank, and running over the same upon the said land, from year to year, is naturally calculated to injure

and wear away the soil and surface of said river bank." Upon these findings we see no reason why the court below was not justified in awarding an injunction against the defendant, when it is considered that defendant in its answer admits its original construction of the boom, and the maintenance of the same for ten years past and at present, claiming that such maintenance is not only lawful and rightful, but a matter of duty and necessity. The conduct of the defendant is, as found by the court, "an invasion of the legal rights of the plaintiff, for which she is entitled to recover, and from the continuance of which she is entitled to an injunction." This would certainly seem to be a case in which an injunction would prevent irreparable mischief, and a multiplicity of actions.

Order denying new trial affirmed.