MARY A. H. PROCTOR *vs.* MOSES M. ADAMS & others.

One entering upon the sea beach of another and removing, for the purpose of restoring to
its owner, a boat cast ashore by a storm and in danger of being carried off by the sea is
not a trespasser.

TORT, in the nature of trespass *quare clausum*, for entering the plaintiff's close and carrying away a boat.

At the trial in the Superior Court, before *Brigham*, C. J., it appeared that the premises described in the declaration were a sandy beach on the sea side of Plum Island, and that the defendants went there, between high and low water mark, January 19, 1873, and against the objection and remonstrances of the plaintiff's tenant, carried away a boat worth $50, which they found lying there.

The defendants offered evidence that upon the night of January 18, 1873, there was a severe storm; that the next morning they went upon the beach to see if any vessels or property had been cast ashore; that they found a boat lying upon the beach about twenty-five feet below high water mark, which had apparently been driven ashore in the storm; that in order to save it, they endeavored to haul it upon the beach, and succeeded in putting it near the line of high water mark; that, not thinking it secure, they, the next day, pushed it into the water, and carried it around into Plum Island River, on the inside of the island; that they at once advertised it in the Ipswich and Newburyport papers; that they shortly afterwards delivered it to one Jackman, who claimed it as agent for the underwriters of the wrecked steamer Sir Francis, and who paid them twelve dollars for their services and expenses.

The court ruled that these facts, if proved, would not constitute a defence, and proposed to instruct the jury as follows:

"If the land upon which the boat was found and taken possession of by the defendants was in the possession or occupation of the plaintiff, the defendants' entry upon it without permission of the plaintiff was an unlawful entry.

" If the defendants, having made an unlawful entry upon the plaintiff's land, there took and therefrom carried a boat, for any purpose affecting the boat as derelict or wrecked property, they are liable to the plaintiff for their unlawful entry upon the land in nominal damage, and also, the boat not being their property, but a wreck, in damages for the unlawful taking and carrying away of the boat, to the value of the boat."

The defendants requested the court to rule that, upon the case presented, the law would imply a license, but the court declined so to rule. The defendants then declined to go to the jury, and the court instructed the jury to return a verdict for the plaintiff for $51, and reported the case to this court.

*E. F. Stone*, for the defendants.

*S. B. Ives, Jr.*, for the plaintiff.

GRAY, C. J. The boat, having been cast ashore by the sea, was a wreck, in the strictest legal sense. 3 Bl. Com. 106. *Chase* v. *Corcoran*, 106 Mass. 286, 288. Neither the finders of the boat, nor the owner of the beach, nor the Commonwealth, had any title to the boat as against its former owner. Body of Liberties, art. 90. Anc. Chart. 211. 2 Mass. Col. Rec. 143. St. 1814, *c.* 170. Rev. Sts. *c.* 57. Gen. Sts. *c.* 81. 3 Dane **Ab.** 134, 136, 138, 144. 2 Kent Com. 322, 359. But the owner of the land on which the boat was cast was under no duty to save it for him. *Sutton* v. *Buck*, 2 Taunt. 302, 312.

If the boat, being upon land between high and low water mark, owned or occupied by the plaintiff, was taken by the defendants, claiming it as their own, when it was not, the plaintiff had a sufficient right of possession to maintain an action against them. *Barker* v. *Bates*, 13 Pick. 255. *Dunwich* v. *Sterry*, 1 3. & Ad. 831. But if, as the evidence offered by them tended to show, the boat was in danger of being carried off by the sea, and they, before the plaintiff had taken possession of it, removed it for the purpose of saving it and restoring it to its lawful owner, they were not trespassers. In such a case, though they had no permission from the plaintiff or any other person, they had an implied license by law to enter on the beach to save the property. It is a very ancient rule of the common law, that an entry upon

land to save goods which are in jeopardy of being lost or destroyed by water, fire, or any like danger, is not a trespass. 21 H. VII. 27, 28, pl. 5. Bro. Ab. Trespass, 213. Vin. Ab. Trespass, (H. a. 4) pl, 24 *ad fin.;* (K. a.) pl. 3. In *Dunwich* v. *Sterry*, 1 B. & Ad. 831, a case very like this, Mr. Justice Parke (afterwards Baron Parke and Lord Wensleydale) left it to the jury to say whether the defendant took the property for the benefit of the owners, or under a claim of his own and to put the plaintiffs to proof of their title. In *Barker* v. *Bates*, 13 Pick. 255, upon which the plaintiff mainly relies, the only right claimed by the defendants was as finders of the property and for their own benefit.

The defendants are therefore entitled to a new trial. As the answer was not objected to, and the declaration may be amended in the court below, we have not considered the form of the pleadings. *New trial ordered.*