## W. H. MOREY *v.* THOMAS FITZGERALD.

*Highway Obstructed. Driving Extra Viam. Trespass. Evidence.*

1. When a public highway is rendered impassable by ice or a washout, a traveller may lawfully go over the adjoining land.
2. When he knows of the obstruction, it is his duty to go some other way if there is one reasonably available; but he is not bound to remove obstructions if it would materially delay him.
3. The plaintiff's evidence was indefinite as to the time when the alleged trespasses were committed. *Held,* that the defendant could meet it with evidence as to the general bad condition of the road equally indefinite as to time.
4. Exceptions, construction of.

TRESPASS. Plea, the general issue with notice. Trial by jury, April Term, 1883, ROYCE, Ch. J., presiding. Verdict for the defendant. The defendant's evidence tended to show that the road was dangerous and impassible for weeks at a time, sometimes by reason of washouts and at other times by reason of snow drifts and ice.

*Edson, Cross & Start* and *F. S. Tupper,* for the plaintiff.

There was no evidence that would justify the jury in finding that it was necessary for the defendant to pass over the plaintiff's land. These obstructions were not sudden, unforeseen, and temporary, but on the contrary permanent, continuous, and notorious; the defendant knew of them before he left home; and there was no evidence tending to show that it was necessary for him to go from home, or that he could not have gone some other way, and avoided the injury complained of. In order to excuse or justify an entry upon land adjoining a highway, there must be an inevitable necessity for so doing, that occurs by some sudden, unforeseen, and temporary obstruction of the highway. *Campbell* v. *Race,* 7 Cush. 408; Ang. High. 355; Godd. Ease. 345; 3 Bl. Com. 209.

*G. W. Burleson* and *W. H. Fairchild*, for the defendant, cited *Williams* v. *Safford*, 7 Barb. 309 ; *Campbell* v. *Race*, 7 Cush. 408; 6 Wait. Act. & Def. 347; *Holmes* v. *Seely*, 19 Wend. 507; 3 Kent. Com. 424; *Newkirk* v. *Sabler*, 9 Barb. 652; Ang. High. s. 353.

The opinion of the court was delivered by

ROWELL, J.  The evidence on the part of the plaintiff tended to show that for about six years next before the commencement of this suit, the defendant was in the habit of driving his horse and carriage outside of said pent-road on to plaintiff's meadow, thereby cutting up the soil thereof and trampling down the grass then and there growing ; but the particular times when said supposed trespasses were committed were left wholly indefinite. The defendant justified, for that at the said several times when, etc., said road was dangerous and impassible, wherefore he drove *extra viam*, as he lawfully might.  The plaintiff's evidence being thus indefinite as to the said times when, it was competent, and indeed necessary, for the defendant to meet it with evidence as to the general bad condition of the road  equally indefinite as to time.

The exceptions state that " there was no evidence tending to show that the gate was on  the plaintiff's land except as herein stated," but it is not therein stated that there was such evidence. In the charge  the court say it  does not conclusively appear that it was on plaintiff's land ; but this cannot be  taken as showing that there was evidence tending to show that it was on his land. This remark of the  court is made incidentally only, and by way of giving a reason for its ruling that plaintiff could not recover for the removal of the gate.   Hence there was no apparent error in the  court's refusal to comply with plaintiff's first request, nor in the charge on the subject-matter thereof.

The court complied with the plaintiff's seventh request, but refused to comply with his second, third, fourth, fifth, and sixth requests ; and the main question arises on the exceptions to such refusal and to the charge in respect thereto.

It is a maxim that private mischief shall be endured rather than a public inconvenience. That regard be had to the public wellfare, is the highest law. Hence, if a public highway be out of repair and impassable, a traveller may lawfully go over the adjoining land, since it is for the public good that there should be at all times free passage along the highways for all the subjects of the State. In such case, an interference with private property is obviously dictated and justified *summa necessitate*, by the immediate urgency of the occasion, and a due regard to the public safety or convenience. Broom Leg. Max. 2 ; Lord Mansfield, C. J., in *Taylor* v. *Whitehead*, Dougl. 749; Lord Ellenborough, C. J., in *Bullard* v. *Harrison*, 4 M. & S. 393. But such obstruction must be from sudden and temporary causes, and of such a character as to render the road founderous and impracticable.

The leading case in this country on the subject is *Campbell* v. *Race*, 7 Cush. 408, in which the highway was obstructed and rendered impassable by snowdrifts. But such a right, having its origin in necessity, must be limited by the necessity that creates it, and does not exist from convenience merely, nor when, by the exercise of due care, after notice of obstructions, other ways may be used and travelling *extra viam* thereby avoided. It is to be confined to cases of necessity arising from sudden and recent causes that have occasioned temporary and impassable obstructions in the way.

But it is said that the obstructions in this case were not sudden, unforeseen, and temporary, but continuous, notorious, and permanent ; and great stress is laid on the phrase, " unexpected and unforeseen occurrences," used by the court in *Campbell* v. *Race*. But the obstruction in that case was of the same kind as one of the obstructions in this case, and of the same nature as to being unexpected and unforeseen as the others. Surely, the formation of ice or the occurrence of a washout in a highway is just as unexpected and unforeseen as a snowdrift, and in this, latitude none of them are unexpected at certain seasons of the

year, nor unforeseen except in the sense that the precise time of their visitation cannot be foreknown.

And although the defendant knew of the founderous condition of the road before he attempted to pass over it, he was not thereby deprived of the right he otherwise would have had to travel it. One has a right to travel highways when he is not thereunto impelled by imperious necessity as well as when he is, provided always that he uses them for the purposes for which they are constructed and maintained. But when one knows that a highway is so obstructed as to necessitate a divergence thereform on to adjoining land in order to get past founderous portions thereof, it is his duty to the adjoining land-owner to go some other way if there be one reasonably available to him, rather than thus to deviate. But this case does not show that there was another way available to the defendant. All that is shown, is, that there was no evidence tending to show that defendant could not have gone some other way and thus have avoided going upon plaintiff's land. But this is not enough. Every reasonable intendment is to be made in favor of the correctness of the judgment below; and it is a cardinal principle, too often lost sight of by counsel, that error is not to be sought after, but must be made affirmatively to appear.

.The defendant's evidence tended to show that the obstructions were formidable though temporary in their character; and the court charged the jury that if they found them to be what the defendant's evidence tended to show them, and dangerous to pass over, the defendant was not bound to remove them; and in this there was no error. If the obstruction is such that to remove it would materially delay the traveller in his journey, and impose upon him any considerable labor, no duty of removal is upon him. Besides, his right to cast quantities of earth and stones into a washout, or to cast and throw material out of the way, and perhaps on to adjoining land, may in many cases be fairly doubtful, to say the least. So unless the obstruction can be readily and easily removed by the traveller, he is not bound to remove it, but may lawfully travel *extra viam*, doing as little

Morey *v.* Fitzgerald.

damage as possible. The obstacles that the defendant's testimony tended to show impeded the way were obviously not of this character; but the jury must have found them to have been dangerous.

It is further objected that defendant should have taken measures to have the road repaired or have provided himself another way. But no such duty rested upon him. It was the duty of the town to keep the road in good and sufficient repair at all seasons of the year ; and because it did not perform that duty, it did not devolve in any part upon the defendant, nor impose upon him the duty of providing himself another way. The road was still a highway, and the defendant had a right to travel it as such, and in so doing he was in the exercise of a public right.

It is further objected that these obstructions were too long in the way to be deemed temporary, but are fairly to be deemed permanent. But it is the nature and character of the obstruction rather than the time of its duration that is determinative in this respect. Snow and ice are temporary in their character, although often uncomfortably permanent in their duration. So washouts that impede and obstruct travel may justly be deemed to be temporary ; for it is the duty of towns to make them so, and the common course that they are.

The charge was justly applicable to the case as disclosed by the evidence, and we find no error in it nor in the refusal to charge as requested.

Judgment affirmed.