CASE 61—PETITION ORDINARY—MAY 29.

# Kentucky Lumber Company v. Miracle, &c.

APPEAL FROM WHITLEY CIRCUIT COURT.

1. RIPARIAN OWNERS—DAMAGES.—Where a lumber company con-
structs upon a navigable stream above the lands of a riparian
owner a splash dam, which is torn away, and the accumulated
waters rush down upon the lands of the riparian owner below,
an action may be maintained by said owner for damages ap-
proximately resulting from the overflow.

R. D. HILL FOR APPELLANT.

1. Appellants demurred to so much of the petition as sought to re-
cover for lodgment of the logs upon plaintiff's land and it was
sustained; and yet the court permitted evidence to go to the
jury as to the damages caused thereby.
2. The denials in the reply to appellant's answer and counterclaim
are connected by the copulative conjunction "and," and are
in effect admissions, and are therefore insufficient. Bliss on
Code Pleading, sec. 332; White's Adm'r. v. L. & N. R. R., 15
Ky. Law Rept., 49.
3. Appellees having failed to show that they were owners of the
land the court should have sustained appellant's motion for a
peremptory instruction.
4. The court should have instructed the jury that they should not
find for the plaintiff any damages because of the lodgment of
defendant's logs on their land. Wood Lumber Co. v. McQuinn,
14 Ky. Law Rept., 521; Ingalls v. Howard Hardware Co., 14
Ky. Law Rept., 447.
5. The instructions of the court authorized the jury to find for
damages to four or five acres of land, when the petition sought
to recover damages to only three acres.

M. J. HOLT FOR APPELLEES.

1. The owner of land although not in possession can maintain an

action for damages to it, (Kentucky Statutes, sec. 2361); and
the party in possession whether the owner or not, can main-
tain an action for trespass against a mere stranger without
color of title.  Stratton v. Lyons, 53 Ver., 64; 30 Missouri, 440.

2. The defendant by its allegations in the answer shows the plain-
tiff's ownership and possession, thereby dispensing with the
necessity of further proof.  Watson v. Clark, 4 Bibb, 218;
McLane v. Todd's heirs. 5 J. J. M., 335; 1 Dana, 8.

.JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

It appears in the petition that Miracle was the owner of a
tract of land in Bell county, Kentucky, through which
Brownies Creek flowed.  There was some bottom land on
this creek in the possession of plaintiff fenced into three sepa-
rate fields.  The Kentucky Lumber Company, as its name
suggests, was engaged in the lumber business.  This creek
was navigable to the extent that from a certain point saw
logs could be floated into Cumberland river, into which the
creek emptied.  The lumber company constructed on the
creek some ten or twelve miles above the land of Miracle,
what is known as a "Splash Dam," about twelve feet high.
The purpose of it was to gather waters that flowed from
the head of the creek into the pool above the dam.  This pool
was cast some distance above the dam, and was about 125
yards wide.  The dam was torn away, and the waters, thus
accumulated, rushed down the stream, carrying the logs,
which the appellant desired to float to the Cumberland river.
As one witness said,"it was wild water when loosened."  It
carried with it not only the logs, but washed up trees.  The
water thus accumulated flooded the creek above its natural
capacity, and when it reached the plaintiff's property it
.flowed over his fields, washing away his soil, and made deep

gullies in his land, and deposited a large number of the logs on his land. This action was brought to recover the damage resulting from this condition produced by the building of the dam, and the discharging of the waters in the manner indicated. On navigable streams, persons are entitled to engage in commerce and traffic which can be profitably conducted upon it. In doing so they have the right to place in the stream saw logs for the purpose of carrying them to any and all points on the stream. If a flood should come in such stream and result in depositing the logs upon the property of a riparian owner, the owner of the logs would be entitled to reclaim them, and for the purpose of doing so, would have the right to enter upon the land where they had lodged and remove them. If the owner choose to do so, he can abandon them and the riparian owner could not maintain an action against him for failing to remove them. However, if he chooses to reclaim them, then he is required to pay the damage which occurred to the riparian owner by them remaining upon the land and resulting from their removal. If the logs were carried upon the land of the riparian owner by the negligence of the person who owned the logs, then an action could be maintained for the damages, approximately resulting from such negligence. The injury resulting to Miracle was not the result of a flood or freshet against which man could not guard and protect the riparian owner, but it was the direct result of the lumber company in erecting the dam and producing the increase and flow of water above the height to which the stream would naturally go. It was the act of the lumber company that produced whatever injury plaintiff sustained, and for which he was entitled to main-

tain this action.  It is said by Gould on Waters, Sec. 102,
"the common law rule is that a person whose property is car-
ried by flood, or inevitable accident upon another's land, and
who elects to reclaim and not abandon it, becomes respon-
sible, immediately upon its removal, for the damage done by
the property upon such land; and the law implies, in such
a case, a promise of compensation, upon which, in the. ab-
sence of an express promise an action may be maintained."

In Shelton v. Sherman, 42 N. Y. 484, it was ruled that
where property is borne upon the land of another by inevita-
ble accident without his fault or negligence the owner may
elect either to abandon the property or reclaim it.  If he
elects to abandon it he is not liable to the owner of the land
for any injury occasioned by it; if he elects to reclaim it he
must make good to the riparian owner the damage so occa-
sioned.

The action is for the damages which resulted from the
wrongful act of the lumber company in constructing the dam
and in thus forcing the water and logs on plaintiff's land,
and it seems to us entirely clear that the company is liable
for such damages as he sustained.  The lumber company
asserted a claim for damages on the ground, as it alleges
the plaintiff had refused to permit them to remove the logs
from his land.  We think the question for damages growing
out of the allegation of the lumber company as to this mat-
ter was fairly submitted to the jury.  The court gave an in-
struction upon this question which was substantially the
same as the one offered by the defendant and refused by the
court.  Without entering into a discussion of other ques-
tions raised, it is sufficient to say, we do not think any error

occurred at the trial which prejudiced the rights of the defendant. We have examined the case of Ford Lumber Co., &c. v. McQueen, 14 L. R. (Superior Court) cited by counsel for defendant. We think it sustains the views we have expressed.

The judgment is affirmed.