SYLVESTER A. PLOOF v. HENRY W. PUTNAM.

May Term, 1908.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed October 30, 1908.

*Trespass—Declaration—Sufficiency—Rights in Another's Property Arising From Necessity—Mooring Sloop to Another's Dock Through Stress of Tempest—Liability of Dockowner for Unmooring.*

Necessity, due to an inability to control movements started without his fault and in the proper exercise of a strict right, will often justify a person, especially to preserve human life or to avoid bodily harm, in such interferences with another's real or personal property as would otherwise have been trespasses.

A declaration alleged, with time and place, that in a specified lake, on which plaintiff was lawfully and properly sailing his sloop, defendant owned a certain island and a dock thereto attached, which were in charge of his servant; that the stress of a sudden and violent tempest compelled plaintiff, in order to save his sloop and his wife and children therein and the contents thereof, to moor it to defendant's dock; that thereupon defendant, by his said servant, "wilfully and designedly" unmoored the sloop, whereupon, without plaintiff's fault, it was thrown upon the shore by the tempest, the sloop and contents thereby destroyed, and plaintiff and his wife and children cast into the lake and upon the shore, receiving injuries. *Held*, on demurrer to the declaration, that it stated a good cause of action; that it sufficiently negatived the existence of natural objects to which plaintiff could have moored with safety, as the details of the situation that created the necessity are matters of proof; and that it sufficiently alleged that the servant, in unmooring the sloop, was acting within the scope of his employment, as the words "wilfully and designedly" are not applied to the servant, but to the master.

TRESSPASS AND CASE for damages resulting from unmooring the plaintiff's sloop from the defendant's dock. Heard on gen-

eral demurrer to each count of the declaration, at the March Term, 1908, Chittenden County, *Haselton,* J., presiding. Demurrers overruled, and each count adjudged sufficient. The defendant excepted.

The count in trespass contains the allegation: "Yet the said defendant, by his said agent and servant, with force and arms, wilfully and designedly cast off and unmoored the said sloop from the said wharf or dock." And the corresponding allegation of the count in case is: "Yet the said defendant, by his said agent and servant, disregarding his duty in this behalf, negligently, carelessly, and wrongfully cast off," etc. The opinion states the other material allegations.

*Batchelder & Bates* for the defendant.

The declaration does not show that the alleged acts of defendant's servant were performed within the scope of his employment. "When a servant quits sight of the object for which he is employed and, without having in view his master's orders, pursues that which his own malice suggests, he no longer acts in pursuance of the authority given him." *McManus* v. *Crickett,* 1 East 107; *Wright* v. *Wilcox,* 19 Wend. 344; *Way* v. *Powers,* 57 Vt. 135; *Walton* v. *Railroad,* 139 Mass. 556; *Cosgrove* v. *Ogden,* 49 N. Y. 255; *Maddox* v. *Brown,* 71 Me. 432; *Stone* v. *Hills,* 45 Conn. 44; *Phelon* v. *Stiles,* 43 Conn. 426; *Flower* v. *Railroad,* 8 Am. St. Rep. 251; *Dillingham* v. *Russell,* 15 Am. St. Rep. 753; *Marion* v. *R. R. Co.,* 13 N. W. 415; *Stevenson* v. *R. R.,* 27 Am. St. Rep. 273.

*Martin S. Vilas,* and *Cowles & Moulton* for the plaintiff.

Plaintiff did not commit a trespass in mooring his boat to defendant's wharf. Hence, defendant had no right to cast off the mooring rope. Bigelow on Torts, (6th ed.) 225; *Dike & Dunston's case,* Y. B. 6 Edw. IV; *Miller* v. *Fundrye,* Poph. 161; Year Book, 37 Henry VI. p. 37, placitum 26; *Proctor* v. *Adams,* 113 Mass. 376; *Mouse's Case,* 12 Coke 63; *Met. Asylum Dist.* v. *Hill,* L. R. 6 App. Cas. 193; *Morey* v. *Fitzgerald,* 56 Vt. 487; *Hyde* v. *Jamaica,* 27 Vt. 443; *Campbell* v. *Race,* 7 Cush. 408; *Tisdale* v. *Norton,* 8 Met. 388; *Holmes* v. *Seeley,* 19 Wend. 506;

*Absor* v. *French*, 2 Show. 28; *Asser* v. *Finch*, 2 Lev. 234; *Henn's Case*, Sir W. Jones 296; 3 Black. Com. 209; *Taylor* v. *White-head*, 2 Doug. 745; *Bullard* v. *Harrison*, 4 Maule & S. 387; *Williamson* v. *Safford*, 7 Barb. 309.

Even if plaintiff was a trespasser, defendant was not justified in casting off the mooring in the circumstances. "This rule is doubtless imposed upon the consideration that the protection of one's property will not justify the resort to means that are destructive to the property of another when not demanded by necessity or the nature of the right and property concerned." *Hooker* v. *Miller*, 18 Am. St. Rep. 18; *State* v. *Morgan*, 38 Am. Dec. 714; *State* v. *Patterson*, 45 Vt. 308; *State* v. *Barr*, 29 L. R. A. 154; *Jay* v. *Whitefield*, 3 B. & Ald. 308; *Bird* v. *Holbrook*, 4 Bing. 628; *Wallace* v. *U. S.*, 162 U. S. 466; *James* v. *Hayes*, 63 Kan. 133; *Elverton* v. *Esgate*, 24 Neb. 235; *Montgomery* v. *Com.*, 98 Va. 840; 1 Jaggard Torts 151; *State* v. *Lightsey*, 43 Am. St. Rep. 114.

The declaration sufficiently alleges that defendant's servant in unmooring the sloop was acting within the scope of his employment. *Lewis* v. *Chicago, etc. R. Co.*, 35 Fed. 639; *Lewis* v. *Schultz*, 98 Iowa 341; 67 N. W. 266; *Seymour* v. *C. V. Ry. Co.*, 69 Vt. 555; *Travers* v. *Kan. Pac. Ry. Co.* 63 Mo. 421; *Wabash Ry. Co.* v. *Savage*, 110 Ind. 156, 9 N. E. 85; *Pittsburg etc. R. R. Co.* v. *Theobald*, 51 Ind. 246; 1 Chitty Pl. 261.

MUNSON, J. It is alleged as the ground of recovery that on the 13th day of November, 1904, the defendant was the owner of a certain island in Lake Champlain, and of a certain dock attached thereto, which island and dock were then in charge of the defendant's servant; that the plaintiff was then possessed of and sailing upon said lake a certain loaded sloop, on which were the plaintiff and his wife and two minor children; that there then arose a sudden and violent tempest, whereby the sloop and the property and persons therein were placed in great danger of destruction; that to save these from destruction or injury the plaintiff was compelled to, and did, moor the sloop to defendant's dock; that the defendant by his servant unmoored the sloop, whereupon it was driven upon the shore by the tempest, without the plaintiff's fault; and that the sloop and its contents were thereby destroyed, and the plaintiff and

his wife and children cast into the lake and upon the shore, receiving injuries.

This claim is set forth in two counts; one in trespass, charging that the defendant by his servant with force and arms wilfully and designedly unmoored the sloop; the other in case, alleging that it was the duty of the defendant by his servant to permit the plaintiff to moor his sloop to the dock, and to permit it to remain so moored during the continuance of the tempest, but that the defendant by his servant, in disregard of this duty, negligently, carelessly and wrongfully unmoored the sloop. Both counts are demurred to generally.

There are many cases in the books which hold that necessity, and an inability to control movements inaugurated in the proper exercise of a strict right, will justify entries upon land and interferences with personal property that would otherwise have been trespasses. A reference to a few of these will be sufficient to illustrate the doctrine.

In *Miller* v. *Fandrye,* Poph. 161, trespass was brought for chasing sheep, and the defendant pleaded that the sheep were trespassing upon his land, and that he with a little dog chased them out, and that as soon as the sheep were off his land he called in the dog. It was argued that, although the defendant might lawfully drive the sheep from his own ground with a dog, he had no right to pursue them into the next ground. But the court considered that the defendant might drive the sheep from his land with a dog, and that the nature of a dog is such that he cannot be withdrawn in an instant, and that as the defendant had done his best to recall the dog trespass would not lie.

In trespass of cattle taken in A, defendant pleaded that he was seized of C, and found the cattle there damage feasant, and chased them toward the pound, and that they escaped from him and went into A, and he presently retook them; and this was held a good plea. 21 Edw. IV. 64; Vin. Ab. Trespass, H. a 4 pl. 19. If one have a way over the land of another for his beasts to pass, and the beasts, being properly driven, feed the grass by morsels in passing, or run out of the way and are promptly pursued and brought back, trespass will not lie. See Vin. Ab. Trespass, K. a. pl. 1.

A traveller on a highway, who finds it obstructed from a sudden and temporary cause, may pass upon the adjoining land

without becoming a trespasser, because of the necessity. *Henn's Case*, W. Jones 296; *Campbell* v. *Race*, 7 Cush. 408, 54 Am. Dec. 728; *Hyde* v. *Jamaica*, 27 Vt. 443 (459); *Morey* v. *Fitzgerald*, 56 Vt. 487, 48 Am. Rep. 811.

An entry upon land to save goods which are in danger of being lost or destroyed by water or fire is not a trespass. 21 Hen. VII, 27; Vin. Ab. Trespass, H. a. 4, pl. 24, K. a. pl. 3. In *Proctor* v. *Adams*, 113 Mass. 376, 18 Am. Rep. 500, the defendant went upon the plaintiff's beach for the purpose of saving and restoring to the lawful owner a boat which had been driven ashore and was in danger of being carried off by the sea; and it was held no trespass. See also *Dunwich* v. *Sterry*, 1 B. & Ad. 831.

This doctrine of necessity applies with special force to the preservation of human life. One assaulted and in peril of his life may run through the close of another to escape from his assailant. 37 Hen. VII, pl. 26. One may sacrifice the personal property of another to save his life or the lives of his fellows. In *Mouse's Case*, 12 Co. 63, the defendant was sued for taking and carrying away the plaintiff's casket and its contents. It appeared that the ferryman of Gravesend took forty-seven passengers into his barge to pass to London, among whom were the plaintiff and defendant; and the barge being upon the water a great tempest happened, and a strong wind, so that the barge and all the passengers were in danger of being lost if certain ponderous things were not cast out, and the defendant thereupon cast out the plaintiff's casket. It was resolved that in case of necessity, to save the lives of the passengers, it was lawful for the defendant, being a passenger, to cast the plaintiff's casket out of the barge; that if the ferryman surcharge the barge the owner shall have his remedy upon· the surcharge against the ferryman, but that if there be no surcharge, and the danger accrue only by the act of God, as by tempest, without fault of the ferryman, every one ought to bear his loss, to safeguard the life of a man.

It is clear that an entry upon the land of another may be justified by necessity, and that the declaration before us discloses a necessity for mooring the sloop. But the defendant questions the sufficiency of the counts because they do not negative the existence of natural objects to which the plaintiff

could have moored with equal safety. The allegations are, in substance, that the stress of a sudden and violent tempest compelled the plaintiff to moor to defendant's dock to save his sloop and the people in it. The averment of necessity is complete, for it covers not only the necessity of mooring, but the necessity of mooring to the dock; and the details of the situation which created this necessity, whatever the legal requirements regarding them, are matters of proof and need not be alleged. It is certain that the rule suggested cannot be held applicable irrespective of circumstance, and the question must be, left for adjudication upon proceedings had with reference to the evidence or the charge.

The defendant insists that the counts are defective in that they fail to show that the servant, in casting off the rope, was acting within the scope of his employment. It is said that the allegation that the island and dock were in charge of the servant does not imply authority to do an unlawful act; and that the allegations as a whole fairly indicate that the servant unmoored the sloop for a wrongful purpose of his own, and not by virtue of any general authority or special instruction received from the defendant. But we think the counts are sufficient in this respect. The allegation is that the defendant did this by his servant. The words "wilfully and designedly" in one count, and "negligently, carelessly and wrongfully" in the other, are not applied to the servant, but to the defendant acting through the servant. The necessary implication is that the servant was acting within the scope of his employment. 13 Ency. Pl. & Pr. 922; *Voegeli* v. *Pickel Marble etc. Co.,* 49 Mo. App. 643; *Wabash Ry. Co.* v. *Savage,* 110 Ind. 156, 9 N. E. 85. See also *Palmer* v. *St. Albans,* 60 Vt. 427, 13 Atl. 569, 6 Am. St. Rep. 125.

*Judgment affirmed and cause remanded.*