POLEBITZKE and another, Appellants, vs. JOHN WEEK LUMBER COMPANY, Respondent.

*February 8—March 8, 1921.*

*Trespass: Logs carried by flood: Deposit on lands of another: Recovery: Entry: Damages: Evidence: Prior settlements: Nominal damages.*

1. In an action of trespass involving the carrying of defendant's logs on plaintiffs' land by flood and their subsequent removal by defendant, though the incidents out of which plaintiffs claimed their cause of action arose had occurred long before the time of trial, it is *held* that under the circumstances the question of whether or not the jury should view the premises was a matter resting in the sound discretion of the trial court.

2. Evidence tending to prove that defendant paid the damages suffered by plaintiffs during the year 1905 on account of logs floating upon their land was properly excluded, payment of damages for such year not being evidence that plaintiffs had sustained damages in the following years.

3. Where the property of one person has been carried on the land of another by flood he has the right to recover its possession and for that purpose to go on the land where it lies and remove it, and is not liable for damages.

4. Nominal damages are awarded where a person has sustained an invasion of his rights; but where the defendant had a right to remove its property lodged on plaintiffs' lands, they are not entitled to other than actual damages.

Appeal from a judgment of the circuit court for Portage county: Edgar V. Werner, Judge. *Affirmed.*

Trespass. This case has been before this court on two former appeals and is reported in 157 Wis. 377, 147 N. W. 703, and 163 Wis. 322, 158 N. W. 62. Reference is had to the report of the case on former appeals as to the nature of the plaintiffs' title and the boundaries of the property conveyed to the defendant and for a full statement of the facts in relation thereto. Upon the *remittitur* being filed in the circuit court there was a third trial at the May, 1917, term, upon which trial the jury disagreed. At the May, 1919, term there was a fourth trial, which resulted in a judgment in favor of the defendant, from which the plaintiffs appeal.

*A. L. Smongeski* of Stevens Point, for the appellants.

For the respondent there was a brief by *Fisher & Cashin* of Stevens Point, and oral argument by *W. E. Fisher*.

Rosenberry, J. The issues litigated upon the last trial were, first, Were any of the defendant's logs carried by the water beyond the lands owned by the boom company in lots 1 and 2 and upon the plaintiffs' lands and were any of defendant's logs lodged upon the plaintiffs' land in lot 3 above high-water mark? and second, If so, did such lodging and their subsequent removal by defendant do any damage to plaintiffs' land?

It is undisputed that the defendant had permission from the boom company to use its lands at all the times referred to in this action.   The case was submitted to the jury upon a special verdict.

The trial court divided the lots into six tracts, and the jury found that in the years 1906, 1907, 1908, 1909, and 1910 the defendant's logs drifted and lodged upon tracts 1, 2, 4, and 5; that no logs lodged upon tracts 3 and 6 in said years.   They also found that as to the tracts upon which logs drifted and lodged in said years there was no actual money loss sustained by the plaintiffs by reason of the logs drifting and lodging on the plaintiffs' lands or resulting from the removal of the logs therefrom.   Upon the special verdict judgment was entered dismissing plaintiffs' complaint with costs.

Upon the motion of the defendant the court permitted the jury to view the premises against the objection of the plaintiffs.   This is the first error assigned.   The contention is that, because the incidents out of which the plaintiffs claimed their cause of action arose had occurred many years prior to the time of the trial, the conditions were greatly changed, due to the growth of weeds and brush, and that the situation at the time of trial was not substantially the same as the situation at the time the plaintiffs claim their cause of action arose, and for that reason it was error for the court to permit the jury to view the premises.   The main questions involved related to the boundary of the lands which the defendant had a right to use and to the general situation of the plaintiffs' premises.   Under the circumstances, the question of whether or not the jury should view the premises was a matter which rested in the sound discretion of the trial court, and we find nothing in the record which indicates that there was an abuse of the trial court's discretion.

Plaintiffs' next assignment of error is that the court erred in excluding evidence tending to prove that the defendant paid damages suffered by the plaintiffs during the year 1905 on account of defendant's logs floating upon their lands.

The evidence was correctly excluded. The payment of damages for the year 1905 was no evidence that the plaintiffs sustained damages in the years 1906, 1907, 1908, 1909, and 1910.

Plaintiffs' third contention is that the court erred in granting judgment for the defendant upon the verdict, for the reason that, the jury having found that the defendant's logs did lodge upon the plaintiffs' lands, the plaintiffs were entitled to nominal damages as a matter of law. There is ample evidence to sustain the finding of the jury to the effect that the plaintiffs suffered no actual damages by reason of the defendant going upon their premises to remove the logs which had been carried thereon by high water. While there is a conflict of authority, we think it is the better rule that where the property of a person has been carried upon the land of another by flood he has a right to recover its possession and for that purpose to go upon the land where it lies and remove it, and under such circumstances is not liable for nominal damages. *Proctor v. Adams,* 113 Mass. 376; *Forster v. Juniata B. Co.* 16 Pa. St. 393; *Sheldon v. Sherman,* 42 N. Y. 484; sec. 30.07, Stats. Nominal damages are awarded because a party has sustained an invasion of his rights. Here the plaintiffs' rights were not invaded. The defendant had the right to remove its property. There being no invasion of the plaintiffs' rights, they are not entitled to nominal damages or to other than actual damages. The jury found upon ample evidence that the plaintiffs sustained no actual damage. The judgment of the trial court, therefore, is right.

*By the Court.*—Judgment affirmed.