Wilson, J.
This is an action of tort. The declaration was in two counts; the first for negligence in the control of a motor vehicle by the defendant, the second for trespass upon premises of the plaintiffs.
The plaintiffs were the owners of the building which was damaged as hereinafter described.
There was evidence tending to show that the defendant had driven his automobile to a point on West Green Street in Lynn; that one Maoris was in the automobile with him and the defendant stopped to let Maoris out at his home; that while said Maoris sat in the automobile for a few minutes, the defendant was holding the car with his foot brake at the top of a grade in said street; that the emergency brake was not applied by him; that while in the act of alighting, said Maoris, without warning, took a revolver from his pocket and fired five times at the defendant, four of the shots hitting the defendant; that as soon as he was shot the defendant opened the left hand door, got out of the car and ran down the hill, and the car rolled down the hill and crashed into the building of the plaintiffs doing the damage complained of.
*264 The plaintiffs seasonably presented nine requests. The trial judge gave numbers 2, 3 and 7 and refused to give numbers 1, 6, 8 and 9.
The court found for the defendant on both counts and, among other special findings of fact, found as follows:
“I find that the defendant acted in a sudden emergency on an impulse to save his life from an assault from one who was shooting at him and was continuing to shoot at him, and from which assault the defendant tried to escape. I find the defendant was not negligent.”
At the argument before us the plaintiffs waived their right to recover under count 1 for negligence and relied only on count 2 for trespass. The plaintiffs also waived any claim of error except that raised by the refusal to give requests numbered 1 and 6, which were as follows:
“1. The evidence warrants a finding for the plaintiffs.”
“6. If the defendant was in control of the automobile which damaged the property of the plaintiffs, then the defendant is liable without proof of negligence under Count Two of the plaintiffs’ declaration.”
We note that the trial judge giave the plaintiffs’ seventh request which should be considered in connection with his refusal of the sixth request. The seventh request was as follows:
“7. The plaintiffs may recover under Count Two of their declaration without proving that the defendant was negligent.”
Trespass has been defined as, “Any unauthorized entry upon the realty of another.” Bouvier’s Law Dictionary. And it has been said that:
“It is immaterial, as respects the right of action, or the form, whether the act of the defendant was by his intention and purpose injurious to the plaintiff; or the *265 mischief which ensued was accidental, and beside his intention, or contrary to it.” Cole v. Fisher, 11 Mass. 137, 138.
Sometimes, however, such an entry is justifiable. For example, when the same is effected either (1) by license or consent of the party or (2) by license of the law. Bigelow on Torts, 7th Ed. §479.
By license of the law, is meant the license which the law implies to enter upon the land of another, or to take possession of another’s goods, in many eases; and in these the license cannot be revoked.
Some such instances are referred to in Bigelow on Torts, 7th Ed. §487, where a person enters the premises of another to save life or to succor a beast in danger and where it is said, “Such an act is not a trespass,” and at §489, “Where an- entry has been made upon the land of another by reason of necessity, without the fault of the person entering. Such an entry is justifiable. For example. The defendant runs into the plaintiff’s premises to escape a savage animal, or the assault of a man in pursuit of him. The defendant is not liable. Year Book, 37 Hen. VII, pl. 26.”
And in Ploof v. Putnam, 81 Vt. 471, 20 L. R A. (N. S.) 152, it was said:
“There are many cases in the books which hold that necessity and an inability to control movements inaugurated in the proper exercise of a strict right, will justify entries upon land and interferences with personal property that would otherwise have been trespasses.”
citing Miller v. Fandrye-Popham 161, where a dog chasing its owner’s sheep went upon adjoining land of the plaintiff. Proctor v. Adams, 113 Mass. 376, where defendant went upon plaintiff’s land to recover a boat which was in danger of being carried out to sea.
*266 And in Ploof v. Putnam, supra, it was said:
‘ ‘ This doctrine of necessity applies with special force to the preservation of human life. One assaulted and in peril of his life may run through the close of another to escape. 37 Hen. VII, pl. 26.”
See also American Law Institute Restatement of the Law of Torts, §166, where it is said:
“Except where the actor is engaged in an extra hazardous activity, and unintentional and non-negligent entry on land in the possession of another or causing a tiling or third person to enter the land, does not subject the actor to liability to the possessor or to a thing or third person in whose security the possessor has a legally protected interest.”
And see examples there given:
“ (1) A, walking on -sidewalk near the plaintiff’s land, without fault slips on a piece of ice and falls against and breaks the plaintiff’s window, A is not liable.
“(2) A while driving an automobile along the street, in the exercise of due care, is suddenly overcome by a paralytic stroke, which he had no reason to anticipate, loses control of the automobile which goes upon and damages the plaintiff’s law, A is not liable.”
In Proctor v. Adams, 113 Mass. 376, it was said:
“It is a very ancient rule of the Common Law that an entry upon land to save goods which are in jeopardy of being lost or destroyed by water, fire or any like danger is not a trespass.”
A similar rule has been applied to the entry upon land adjacent to the highway to avoid an impassable obstruction. Campbell v. Rose, 7 Cush. 408. Lynch v. Boston and Maine Railroad, 226 Mass. 522, 527. But all such rights of entry have their origin in necessity and must be limited by that *267 necessity. “What shall constitute such inevitable necessity or unavoidable accident must depend upon the various circumstances attending each particular case.” Whether such necessity existed is a question of fact for the trial court. Lynch v. Boston and Maine Railroad, 226 Mass. 522, 527. Proctor v. Adams, supra. Ploof v. Putnam, 812 Vt. 471; 20 L. R. A. (N. S.) 152.
The finding of the trial judge above quoted, is a finding of fact that the entry of the defendant’s automobile upon the premises was brought about by the necessity of abandoning his automobile in the face of an assault from which he was justified in doing everything possible to escape. That finding was warranted by the evidence.
The trial court found the action of the defendant was free from negligence, no evidence of intention appears, it must, therefore, be said the defendant was free from fault. Because of the specific findings of fact, the refusal of the plaintiffs’ first request, even if it were error was immaterial. Strong v. Haverhill Electric Company, Mass. Adv. Sh. (1938) 345, 346, and cases there cited. When the plaintiffs’ sixth and seventh requests are considered, it seems clear that the trial judge had the principles of law, above referred to, clearly in mind and instructed himself correctly.
No prejudicial error appears and the report is dismissed.