ALAN C. LISSER AND GORDON T. LISSER, APPELLANTS, v. WILLIAM CODY KELLY, RESPONDENT.

No. 6841

October 30, 1972                    502 P.2d 108

*Lohse and Lohse, Chartered,* of Reno, for Appellants.

*Vargas, Bartlett & Dixon, Ltd.,* and *Walther & Key,* of Reno, for Respondent.

## OPINION

By the Court, ZENOFF, C. J.:

The Lissers and Kelly owned adjoining palatial beach front property and dwellings on Lake Tahoe, in Glenbrook, Douglas County, Nevada. Each parcel had a pier and boathouse extending into the lake. During the fall of 1967 Kelly's pier and boathouse were destroyed by a sudden, extraordinary and unexpected storm. The debris floated away from the Kelly property and lodged along the shore and pier owned by the Lissers. It remained there for months. The Lissers requested Kelly to remove the rubble and Kelly responded that he would turn the matter over to his insurance carrier. In correspondence from Kelly to Lisser it appears that Kelly felt a "moral obligation" to remove the remnants of his pier and boathouse from the Lisser property, but nowhere does it appear that he recognized a "legal liability" to do so.

The mere lodging of the debris on Lissers' property caused no damage of which the Lissers complain. The damage which is complained of occurred in the spring of 1968 when storms caused the remnants of Kelly's boathouse to smash into the

Lissers' pier and boathouse. Those spring storms were customary and usual for that time of year and were foreseeable by both parties.

The trial court granted Kelly's NRCP 41(b) motion for dismissal of the complaint.[1] The Lissers appeal from this order.

The parties agree that the destruction of Kelly's boathouse and pier and the floating of the debris onto the Lisser property was caused solely by an act of God and not by any negligence on the part of Kelly. The Lissers, however, claim that after the occurrence of the act of God, Kelly had a duty to remove the debris from the Lisser property and that Kelly is liable for the damage done in the spring of 1968 by reason of their negligent failure to do so before the spring storms battered the Lisser property with the debris.

1. We do not agree with their contention. The law imposes no duty upon one to retrieve his property which has been rendered debris and carried away by an act of God. Kelly was not negligent. Instead, the Lissers' damages were caused by their own failure to exercise care for the preservation of their own property. The destruction of the Kelly boathouse and pier and the lodging thereof upon the Lisser property was caused solely by an act of God. Where, as here, there is no negligence in the first instance, the sufferer must get rid of the instrument of the injury as he may. Forster v. Juniata Bridge Co., 4 Har. 393, cited in Livezey v. Philadelphia, 64 Pa. 106, 3 Am.Rep. 578 (1870). The owner may abandon the debris, as did Kelly, and the plaintiff then has his remedy in his own hands by removing it himself. In re Marine Leasing Services, Inc., 328 F.Supp. 589 (E.D. La. 1971); Orrell v. Wilmington Iron Works, 89 F.Supp. 418 (E.D.N.C.), aff'd in part, rev'd in part on other grounds, 185 F.2d 181 (4th Cir. 1950); Sheldon v. Sherman, 42 Barb. 368 (1864), aff'd 42 N.Y. 484 (1870); cf. Boutwell v. Champlain Realty Co., 89 Vt. 80, 94 A. 108

---

[1] "(b) *Involuntary Dismissal: Effect Thereof.* For failure of the plaintiff to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has failed to prove a sufficient case for the court or jury. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."

(1915); Carter v. Thurston, 58 N.H. 104, 42 Am.Rep. 584 (1877).

In this case, both parties are innocent of any negligence and both suffered from the same act of God. Kelly lost his boathouse and pier and the Lissers had their property littered with debris from the storm. Each party must bear the burden of his own misfortune. Accordingly, Kelly owed no duty to remove the debris from the Lisser property. Any damage to the Lissers' property subsequently occurring as a result of failure to remove the debris was caused by the Lissers' failure to act to protect their own property.

2. Appellants seek to promote the issue of promissory estoppel, i.e., that the Lissers relied to their detriment on Kelly's promise to have the debris removed. We, however, have searched the record and find only a promise by Kelly to turn the claim over to his insurance carrier. Nevertheless, the issue was not properly raised and will not be considered.

Similarly, we will not now consider the alleged error of the trial court's refusal to admit certain proffered testimony. The record does not contain an offer of proof reflecting what the testimony would have been.

A consideration of these two points would not affect the outcome of this appeal in any event. The order of the trial court dismissing the complaint is therefore affirmed.

BATJER, MOWBRAY, THOMPSON, and GUNDERSON, JJ., concur.